IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | CIVIL ACTION NO. 1:23-CV-1091 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| | : | |
| LESLIE HICKS, | : | |
| Defendant | : | AMENDED COMPLAINT/JURY DEMAND |

FILED
HARRISBURG, PA
NOV 07 2023
PER ___ZBL___
DEPUTY CLERK

## Introduction

This is a civil rights action filed by Vincent Franklin, a state prisoner, for damages under 42 U.S.C. § 1983, alleging a denial of equal protection under the 14th Amendment to the United States Constitution.

## Jurisdiction

1. This action is being brought under the Civil Rights Act, 42 U.S.C. § 1983 which provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and the law of the United States. Plaintiff must show the alleged deprivation was committed by a person under the color of law.

2. This Honorable Court has jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331 and 1343.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occured within the territorial jurisdiction of this District and the Defendant is subject to personal jurisdiction within this District.

## Parties

4. Plaintiff Vincent Franklin is currently incarcerated at the State Correctional Institution at Huntingdon (SCI-Huntingdon), located at 1100 Pike Street, Huntingdon, PA 16654.

5. Defendant Leslie Hicks, SCI-Huntingdon's Corrections Employment and Vocational

Coordinator was employed by SCI-Huntingdon, located at 1100 Pike Street, Huntingdon, PA 16654; at the relevant times.

### Exhaustion of Available remedies

6. Plaintiff has exhausted allavailable remedies in accordance with DC-ADM 804. Plaintiff's Final Appeal Decision was denied by Chief Grievance Officer D. Varner, located at 1920 Technology Parkway, Mechanicsburg, PA 17050, on June 21, 2021.

### Facts

7. At the relevant times to this complaint, [December 15, 2020 through the present], Plaintiff has been incarcerated at SCI-Huntingdon, located at 1100 Pike Street, Huntingdon, PA 16654.

8. On December 15, 2020, Plaintiff was transferred from the State Correctional Institution at Dallas (SCI-Dallas), to the State Correctional Institution at Huntingdon (SCI-Huntingdon), as a result of the pandemic; to help mitigate the spread of COVID-19.

9. Plaintiff sent a DC-135 [Request to Staff], to defendant Hicks, on February 25, 2021, due to the discrepancy in plaintiff's work assignment pay, as it didn't reflect his teacher's aide monthly pay, about $65.00 per month; where he remained gainfully employed for over 6 years, prior to his transfer to SCI-Huntingdon.

10. Plaintiff advised Hicks, that former Secretary of the Department of Corrections, John Wetzel, authorized in his 2020 fireside chat, that inmates who have work assignments will continue to be compensated during the pandemic. Prior to plaintiff's transfer in December of 2020, he never received a DC-141 [write up], warranting the removal from his work assignment.

11. For reasons unknown to this plaintiff, Hicks advised the plaintiff that the compensation discussed by former Secretary Wetzel; didn't apply to him.

12. Plaintiff was subsequently placed on General Labor Pool [GLP], at a rate of about $15.00 per

month.

13. On March 2, 2021, plaintiff submitted a DC-ADM 804, [Inmate Grievance].

14. On March 30, 2021, an Initial Review Response to his grievance was received by plaintiff; which was subsequently denied. The writer's of the grievance, and Hicks concede that the Department of Corrections, through their 2020 fireside chat, did say that inmates would continue to receive employment compensation during the pandemic; but that compensation didn't apply to him.

15. On April 9, 2021, plaintiff filed a DC-ADM 804 Section 2, [Appeal to the Facility Manager].

16. On May 6, 2021, plaitiff received Kevin Kauffman, [Facility Manager's Appeal Response], and for the same reasons in line 14; plaintiff's grievance was denied.

17. On May 12, 2021, plaintiff initiated a DC-ADM 804 2B, [Inmate Appeal to Final Review]; which was deinied by, Keri Moore for D. Varner [Chief Grievance Coordinator], on June 21, 2021.

18. Over the course of several months, plaintiff received notification that inmates who were mass transferred in the fall/winter of 2020, during the pandemic, were able to keep the employment compensation discussed by John Wetzel; through his 2020 fireside chat.

19. On or about the summer of 2022, plaintiff spoke to other inmates, who were transferred from SCI-Smithville to SCI-Huntingdon, just (1) week after plaintiff; as a result of the pandemic. Plaintiff was advised by other inmates, that the employment compensation discussed by John Wetzel, didn't apply to them, and as a result Hicks placed those inmates from SCI-Smithville on GLP also.

20. Other inmates who were transferred from SCI-Smithville to SCI-Huntingdon, sent [Request to Staff] to Hicks, advising her that their Superintendant, through a fireside chat on the inmate

cable system, promised them, that Central Office assured them that employment compensation will continue during the pandemic.

21. Plaintiff avers that his 14th Amendment Rights to Equal Protection was violated, in that he received disparate treatment from other inmates that were transferred as part of the mass transfer in the fall/winter of 2020, as he too was similarly situated during the pandemic. Plaintiff avers that he has similarly situated with other inmates who were transferred from SCI-Smithville to SCI-Huntingdon, and avers that the treatment recievied from Hicks was the result of intentional and purposeful discrimination, and there was no rational basis for the treatment; and that this treatment bears no rational relationship to any penelogical interest. Plaintiff's allegation that he was "similarly situated" describe the type of arbitrary, irrational, and individuously discriminatory behavior necessary for an equal protection claim.

### Claim(s) for Relief
### Denial of Equal Protection under the 14th Amendment; based on a "Class of One" Theory

22. The purpose of the Equal Protection Clause of the 14th Amendment is to secure every persons within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. **Village of Willowbrook v. Olech, 528 U.S. 563, 564 (2000)(quoting Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923)).**

23. To state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."

24. An equal protection claim based on a "class of one" theory can be asserted by alleging that he was intentionally treated differently from other similarly situated inmates and there was to rational basis for the treatment. **See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).**

25. Persons are "similarly situated" for purposes of an equal protection claim when "they are alike in all relevant aspects." **See Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d cir. 2008).**

26. Plaintiff avers that he and other inmates that were mass transferred, throughout the State of Pennsylvania were similarly situated. Plaintiff and other inmates were state prisoners; plaintiff and other inmates were transferred in the fall/winter of 2020; due to the pandemic; and plaintiff avers that other inmates received employment compensation at their receiving facilities; as a result of John Wetzel's 2020 fireside chat.

27. Plaintiff avers that he and other inmates who were transferred from SCI-Smithville were also simlarly situated. Plaintiff and other inmates from SCI-Smithville were state prisoners; plaintiff and other inmates were transferred to SCI-Huntingdon, on or about December 2020. Plaintiff avers that he and other inmates from SCI-Smithville were gainfully employed prior to their transfers. Plaintiff avers that he and other inmates didn't receive a DC-141 [write up], warranting the removal of them from their work assignments. Plaintiff and other inmates from SCI-Smithville were place on GLP. Plaintiff and other inmates from SCI-Smithville submitted [request to staff] regarding the employment compensation discussed and guaranteed by John Wetzel's 2020 fireside chat; but only those inmates from SCI-Smithville received the employment compensation discussed by John Wetzel.

28. Plaintiff avers that he was treated differently from similarly situated inmates who were part of the mass transfer in the fall/winter of 2020, as they did receive employment compensation at the receiving facilities, as a result of John Wetzel's fireside chat.

29. Plaintiff avers that he was treated differently from similarly situated inmates from SCI-Smithville who were transferred, like plaintiff, by Hicks, who subsequently receive employment compensation during the pandemic. **Id. Phillips at 243**.

30. Plaintiff avers that he suffered intentional discrimination, as the request slips generated by other inmates from SCI-Smithville, afforded them employment compensation during the pandemic, however plaintiff was arbitrarilly denied the same compensation afforded by John Wetzel; which should have been equally applied. Hicks had first hand knowledge of the employment compensation afforded by John Wetzel, and should have applied this employment compensation, during the pandemic, to the plaintiff also. **Id. Phillips at 243**.

31. Other inmates transferred throughout the State of Pennsylvania, during the fall/winter of

2020, received the employment compensation at their receiving facilities.

32. Other inmates transferred from SCI-Smithville to SCI-Huntingdon continued to receive employment compensation; while plaintiff, for no rational basis or any penelogical interest was denied employment compensation.

33. Hicks arbitrarily and intentionally deprived plaintiff of the employment compensation afforded by other inmates; while continuing to afford the same employment compensation to other inmates who were transferred from SCI-Smithville to SCI-Huntingdon, just (1) week later.

34. A court reviewing a complaint must accept as true all allegations of material fact and construe them in the light most favorable to the plaintiff; or the rule that a court must construe pro se pleadings liberally.

## Relief Requested

35. WHEREFORE, plaintiff seeks judgment in his favor against defendant Hicks, in her official capacity, along with all other relief permitted by law.

36. Plaintiff requests the jury to award compensatory damages to plaintiff.

37. Plaintiff requests the jury to award punitive damages to the plaintiff

Date: November 3, 2023

*Vincent Frankl*
Vincent Franklin GG6242
SCI-Hutingdon
1100 Pike Street
Huntingdon, PA 16654

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT FRANKLIN,<br>　　　　Plaintiff | : CIVIL ACTION NO. 1:23-CV-1091<br>:<br>: (Judge Conner) |
| v. | : |
| LESLIE HICKS,<br>　　　　Defendant | : AMENDED COMPLAINT/JURY DEMAND<br>: |

### CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I declare, certify, verify, or state under the penalty of perjury that the following is true and correct, and that this *Amended Complaint*, in lieu of *Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss*, was served upon the individual listed below by First-Class Mail:

---

Tara J. Wikhian
1920 Technology Parkway
Mechanicsburg, PA 17050


*/s/ Vincent Franklin*

Vincent Franklin GG6242
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654


Date: November 3, 2023

November 3, 2023

Office of the Clerk
1501 North 6th St.
Harrisburg, PA 17102

**RE: Motion for an Extension of Time to File a Brief in Oppostition to Defendant's Motion to Dismiss**
**Permission for Leave to File an Amended Complaint**
Civil Action No. 1:23-CV-1091

Dear Clerk:

On September 15, 2023, I submitted a *Motion For An Extension Of Time To File A Brief In Opposition To Defendant's Motion To Dismiss*. After some research, under Rule 15(a), Fed.R.Civ.P., it is my understanding that I can amend my origianal complaint, as long as I request leave from the court. So, in lieu of the aforementioned motion, plaintiff is submitting his amended complaint. This Honorable Court GRANTED an extension of time to file said motion, and the due date for this motion was November 30, 2023.

After realizing, that I can file an ameded complaint, plaintiff requested *Permission For Leave To File An Amended Complaint* on September 29, 2023. Plaintiff also submitted a *Motion For An Extension Of Time For Permission To Leave To File An Amended Complaint*. Plaintiff hasn't received an answer as to the above mentioned; so he is assuming that his amended complaint will be due; on or before November 30, 2023.

Please find enclosed Plaintiff's ameded complaint.

Respectfully submitted,

Vincent Franklin GG6242
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654

Date: November 3, 2023

Smart Communications/PADOC
SCI- Huntingdon
Name Vincent Franklin
Number GG6242

PO Box 33028

St Petersburg FL 33733

RECEIVED
HARRISBURG, PA
NOV 07 2023
PER _____ DEPUTY CLERK

United States District Court
1501 North 6th St. - Suite 101
Harrisburg, PA 17102
Office of the Clerk

JOHNSTOWN PA 159
INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS
03 NOV 2023 PM 2 T

US POSTAGE
ZIP 16652 $ 000.87⁰
0000372161 NOV 03 2023

1710231104