IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | |
| | : | Civil Action No. 23-1091 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN SUPPORT OF DEFENDANT HICKS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Procedural and Factual History

Plaintiff Vincent Franklin, an individual presently incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("the DOC") at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") filed a Complaint pursuant to 42 U.S.C. § 1983. *See* Doc. 1. On August 30, 2023, Defendant Hicks filed a Motion to Dismiss the Complaint, and brief in support thereof. *See* Docs. 14 and 15.

On October 5, 2023, Plaintiff sought leave to amend. *See* Doc. 18, Plaintiff subsequently filed a proposed amended complaint on November 7, 2023, and a brief in support of the request on November 27, 2023. *See* Docs. 20 and 23. By Order dated December 18, 2023, the Court granted leave to amend. *See* Doc. 24. Defendant Hicks hereby responds to the Amended Complaint.

1

Plaintiff alleges that in 2021, after his transfer to SCI-Huntingdon, he was removed from his previous work assignment and stripped of his previous rate of pay by Defendant Hicks. *See* Doc. 21, ¶¶ 9, 11-12. Plaintiff further avers that in the summer of 2020, during the COVID-19 pandemic, former DOC Secretary John Wetzel informed all inmates that they would continue to be paid despite the pandemic if they had a work assignment. *Id.* at ¶ 10. Plaintiff's sole claim against Defendant Hicks is for the denial of equal protection in violation of the Fourteenth Amendment.

As relief Plaintiff seeks compensatory and punitive damages.

## Statement of Questions Presented[1]

1. Should the Amended Complaint be dismissed because suit is barred by the Eleventh Amendment?

2. Should the Amended Complaint be dismissed because Plaintiff has failed to state a claim upon which relief could be granted?

## Standard of Review

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading

---

[1] All questions presented are respectfully requested to be answered in the affirmative.

must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." F̲owler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a…plaintiff can prove facts that the…plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Argument

1. The Amended Complaint should be dismissed because suit is barred by the Eleventh Amendment.

Plaintiff named Defendant Hicks as a defendant in this litigation and sues her in her official capacity. *See* Doc. 21, generally and Relief Requested. Absent consent by the State, the Eleventh Amendment bars suits for damages in federal court by a private party against states, state agencies and state officials in their official capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (state officials sued in their official capacities are immunized from federal suit); *Melo v. Hafer*, 912 F.2d 628, 642 (3d Cir.1990), aff'd, 502 U.S. 21, 31 (1991).

The bar extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F. 2d 23, 25 (3rd Cir. 1981), *citing Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). As when the State itself is named as the defendant, a suit against a state agency or official in his official capacity is barred, regardless of the relief requested. *Seminole Tribe*, 517 U.S. at 58; *Edelman v. Jordan*, 415 U.S. 651, 667 (1974); *Papasan v. Allain*, 478 U.S. 265 (1986); *Lavia v. Pennsylvania DOC*, 224 F. 3d 190, 195 (3d Cir. 2000). The United States Supreme Court has held that States and "governmental entities that are considered 'arms of the State,'" such as State agencies and

4

institutions, are not considered "persons" amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989).

Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the Eleventh Amendment. *Pennhurst*, 465 U.S. at 121. Specifically, § 1983 does not override the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). While a state may consent to be sued in federal court, e.g., *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe*, 517 U.S. at 55-56; *Pennhurst*, 465 U.S. at 99 (waiver must be "unequivocally expressed"), Pennsylvania has expressly withheld consent. 42 Pa. C.S. § 8521(b); 1 Pa. C.S. § 2310. *See Laskaris*, 661 F. 2d at 25.

Here, Defendant Hicks is sued pursuant to Section 1983 for alleged violation of constitutional amendments. Because Defendant Hicks is sued in her official capacity and the Eleventh Amendment further prohibits suit against state officials in their official capacities, all claims against her should be dismissed accordingly.

2.  The Amended Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief could be granted.

The equal protection clause of the Fourteenth Amendment requires that all persons "similarly situated" to be treated alike by state actors. *See City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). As such, for the Plaintiff to state an equal protection violation, he must show that he was similarly situated to, and treated differently from, other inmates, and that this discrimination was

5

purposeful or intentional rather than incidental. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 424 (3d Cir. 2000).

An equal protection claim can also be brought by a "class of one," specifically, a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003); *see also Jean-Pierre v. Bureau of Prisons*, 497 Fed.Appx. 164, 168 (3d Cir. 2012). If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest. *See Tillman*, 221 F.3d at 423.

Plaintiff asserts that Defendant Hicks violated his right to equal protection when she removed him from his previous work assignment and stripped him of his pay, despite former Secretary Wetzel's assurance that inmates with a work assignment would continue to be paid during the COVID-19 pandemic. *See* Doc. 21. Plaintiff does not state that he is a member of a protected class and attempts to proceed based on a class of one theory. Indeed, prisoners are not a protected class of individuals. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class). Therefore, Plaintiff's claim survives only if

6

he has properly stated a violation of his equal protection rights under a class-of-one theory.

To survive under the class-of-one theory, Plaintiff must allege facts showing that he has been treated differently from similarly situated inmates, that the defendants did so intentionally, and that this difference in treatment bears no rational relation to any legitimate penological interest. *Pearson v. Varano*, 656 Fed.Appx. 583, 584 (3d Cir. July 15, 2016); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (*citing Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3dCir. 2006)).

Plaintiff's Amended Complaint fails to allege in any fashion that he was treated differently from other *similarly situated* inmates or that any such discrimination was purposeful or intentional. Plaintiff does nothing more than offer conclusory, argumentative statements that the alleged discrimination was intentional and that he is similarly situated to other inmates who continued to receive pay during the pandemic.

In actuality, the allegations of Plaintiff's Amended Complaint show that he was not treated differently than similarly situated inmates. Plaintiff indicates he was advised through the grievance process that the compensation discussed by former Secretary Wetzel didn't apply to him, thus showing he was not similarly situated to those inmates to which it did apply. *See* Doc. 21, ¶¶ 11, 14, 16. Furthermore, Plaintiff himself acknowledges that some inmates who transferred from Smithfield

7

to Huntingdon also did not receive the compensation at issue and were instead placed in the general labor pool much like Plaintiff. *Id.* at ¶ 19. Plaintiff's bald, conclusory assertion that Defendant Hicks discriminated against him and is engaging in disparate treatment is insufficient to state an equal protection claim.[2]

Accordingly, Plaintiff's Fourteenth Amendment claim should be dismissed.

## Conclusion

For all of the above reasons, it is respectfully requested that the Court grant Defendant Hicks' Motion and Dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

Office of General Counsel

*Tara J. Wikhian*

Tara J. Wikhian, Assistant Counsel
Attorney ID No.: 311116
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: tawikhian@pa.gov

Date: December 20, 2023

---

[2] Additionally, "[t]he general rule continues to be that removal from a job assignment is deemed to be an administrative matter with which courts are loath to interfere." *Williams v. Wetzel*, 232 A.3d 652, 654 (Pa. 2020). "Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Id.*, n.1 (quoting *Watson v. Sec'y Pa. Dep't of Corr.*, 567 Fed. Appx. 75, 78 (3d Cir. 2014)). Furthermore, Plaintiff's only request for relief is injunctive, however, the PLRA limits injunctive relief to constitutional violations. As such, Plaintiff is not entitled to the requested relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT FRANKLIN, : | |
| : | Civil Action No. 23-1091 |
| Plaintiff, : | |
| : | |
| v. : | Judge Christopher C. Conner |
| : | |
| WETZEL, et al., : | |
| : | |
| Defendants : | Filed Via Electronic Case Filing |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Brief* was served upon the individual listed below by First-Class Mail:

Smart Communications/PA DOC
Vincent Franklin, GG6242
SCI-Huntingdon
PO Box 33028
St. Petersburg, FL 33733

*Tara J. Wikhian*
_____
Tara J. Wikhian, Assistant Counsel
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA  17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307

Date: December 20, 2023