IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | |
| | : | Civil Action No. 23-1091 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| L. HICKS, | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Hicks, by and through her attorney, Tara J. Wikhian, Esquire, Assistant Counsel to the Department of Corrections, hereby responds in opposition to Plaintiff's motion to compel, and aver as follows:

1. Plaintiff Vincen Franklin, an individual presently incarcerated by the Commonwealth of Pennsylvania, Department of Corrections ("the Department") at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), filed an amended complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Middle District of Pennsylvania. *See* Doc. 21.

2. Plaintiff avers that Defendant Hicks denied him equal protection in violation of the Fourteenth Amendment by removing him from his previous work assignment and stripping him of his pay. *Id.*

3. Defendant Hicks filed a motion to dismiss, and brief in support thereof, on

December 20, 2023, which is still pending resolution by this Honorable Court. *See* Docs. 25, 26.

4. Plaintiff was ordered to respond to the motion to dismiss on or before January 19, 2024; as of today's date, no response has been filed by Plaintiff. *See* Doc. 27.

5. On January 11, 2024, Plaintiff filed motion for extension of time for permission for leave to file a second amended complaint; the Court has not ruled on said request. *See* Doc. 28.

6. On January 19, 2024, Plaintiff filed a motion to compel undersigned counsel to forward all "privileged legal mail correspondence" to Plaintiff directly at SCI-Huntingdon, rather than through Smart Communications.

7. Plaintiff lacks a constitutional right to have Defendant Hicks serve him legal papers in contravention of Department Policy, and granting such a request would be inconsistent with the many courts that have denied similar requests. *Martin v. Blake*, 2022 U.S. Dist. LEXIS 44979 (M.D. Pa. March 14, 2022) (We cannot locate any precedent that implies, let alone clearly establishes, that mail sent through a third party vendor, such as Smart Communications, violates the First Amendment, to deliver non-privileged mail to incarcerated individuals.).

8. Department Policy, DC-ADM 803 "Inmate Mail and Incoming Publications

Procedures Manual" explains the manner in which mail is to be addressed to inmates within the Department.[1]

9. Specifically, DC-ADM 803, Section 1, A. 3. states: "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center" at Smart Communications, St Petersburg, FL.

10. On the other hand, DC-ADM 803, Section 1, A. 4., indicates that "[a]ll incoming, privileged inmate correspondence must be addressed and sent to the inmate at the address of the institution where he or she is housed."

11. Documents and filings by Department Counsel do not constitute privileged communications with Plaintiff; these documents are not "legal mail," as defined by the policy.

12. Petitioner does not have an attorney-client relationship with counsel of opposing litigants. *See*, *McLaughlin v. Zavada*, 2019 WL 5697347 at *3 (W.D. Pa. 2019) (Communications with defense counsel are not privileged communications as defined by DOC policy; indeed, they do not fall within any standard definition of privileged attorney-client communications.), *Jacobs v. District Attorney's Office*, 2019 WL 1977921, at *3 (M.D. Pa. May

---

1 The Court is asked to tale judicial notice of this policy that is available on the Department's public website at www.cor.pa.gov.

3, 2019) (denying prisoner's motion for sanctions based upon defendants' counsel's act of sending all filings to him through Smart Communications in Florida, stating that "counsel is not representing Plaintiff; therefore, any mail sent by counsel to Plaintiff is not considered to be privileged mail and must be sent to Plaintiff via Smart Communications in St. Petersburg, Florida."), *Rosario v. Westmoreland County, PA*, 2022 WL 4819550 at *2 (W.D. Pa. August 25, 2022) (Plaintiff does not have an attorney-client relationship with Defendant's counsel in this matter, and they are required to send this non-privileged mail through Smart Communications.).

13. Furthermore, communications from opposing counsel are not protected by attorney-client privilege, and thus an order directing opposing counsel to mark correspondence addressed to Petitioner would be inappropriate and deceptive. *Turner v. Wetzel*, 2021 WL 522638 at *6 (M.D. Pa. 2021), *See United States v. Dish Network, LLC* 283 F.R.D. 420, 425 (C.D. Ill. 2012) (communications to and from opposing counsel are not privileged).

14. Accordingly, Department Counsel serves filings, etc. via Smart Communications in conformity with Department Policy.

15. Department Counsel has not sent mail to Smart Communications to prevent Plaintiff from pursuing his claims or to otherwise hinder his ability to file timely responses.

16. Department Counsel in litigation in courts throughout Pennsylvania serves court filings, discovery responses and any correspondence to inmate plaintiffs through Smart Communications.

17. It would be manifestly unjust for Plaintiff to be provided with a special exception.

18. It would also require staff at SCI-Huntingdon to take on the extra task of receiving filings from Department Counsel and serving Plaintiff.

19. Similar requests for relief by other inmates regarding direct service of papers have been denied by state and federal Courts around Pennsylvania. *See Irizarry v. Kauffman*, 2023 U.S. Dist. LEXIS 84498 (M.D. Pa. May 15, 2023); *Spotz v. Wetzel*, 2022 U.S. Dist. LEXIS 43920 (M.D. Pa. March 11, 2022); *Williams v. Wetzel*, 2019 U.S. Dist. LEXIS 110299 (M.D. Pa. July 2, 2019); *Jacobs v. Dist. Attorney's Office*, 2019 U.S. Dist. LEXIS 74686 (M.D. Pa. May 13, 2019); *McLaughlin v. Zavada*, 2019 U.S. Dist. LEXIS 190698 (W.D. Pa. November 4, 2019); *Brown v. Little*, No. 99 M.D. 2022 (Pa. Cmwlth. Ct. Order dated September 7, 2023); *Robertson v. PA DOC*, No. 525 M.D. 2020 (Pa. Cmwlth. Ct. Order dated January 11, 2021); *Graziano v. PA DOC*, No. 468 M.D. 2019 (Pa. Cmwlth. Ct. Order dated October 22, 2019); *Commonwealth v. Oliver*, 2019 Pa. Super. Unpub. LEXIS 3342 (Pa. Super. September 4, 2019).

20. Accordingly, Plaintiff's request to compel undersigned counsel to serve him directly at SCI-Huntingdon should be denied.

WHEREFORE, for all of the above reasons, it is respectfully requested that the Court deny Plaintiff's motion to compel service by undersigned directly at SCI-Huntingdon.

        Respectfully submitted,

        Office of General Counsel

        *Tara J. Wikhian*

        Tara J. Wikhian, Assistant Counsel
        Attorney ID No.: 311116
        Pennsylvania Department of Corrections
        1920 Technology Parkway
        Mechanicsburg, PA  17050
        Phone No.: (717) 728-7763
        Fax No.: (717) 728-0307
        E-mail: tawikhian@pa.gov

Date: January 19, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | |
| | : | Civil Action No. 23-1091 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| L. HICKS, | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Response* is to be served upon the individual listed below by First-Class Mail:

Smart Communications/PA DOC
Vincent Franklin, GG6242
SCI-Huntingdon
PO Box 33028
St. Petersburg, FL 33733

*Tara J. Wikhian*

Tara J. Wikhian, Assistant Counsel
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA  17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307

Date: January 22, 2024