**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | |
| | : | Civil Action No. 23-1091 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

**ANSWER TO SECOND AMENDED COMPLAINT
BY DEFENDANT HICKS**

Defendant Hicks, of the Pennsylvania Department of Corrections ("DOC") by and through undersigned counsel, hereby responds to the Second Amended Complaint (Doc. 38) as follows:

**Introduction**

This is an introductory paragraph to which no response is required. To the extent it is deemed to contain factual averments, they are denied, with proof thereof demanded at trial.

**Jurisdiction**

1.    This is a legal conclusion to which no response is required. To the extent it is deemed to contain factual averments, they are denied, with proof thereof demanded at trial.

2.    This is a legal conclusion to which no response is required. To the

extent it is deemed to contain factual averments, they are denied, with proof thereof demanded at trial.

3.      This is a legal conclusion to which no response is required. To the extent it is deemed to contain factual averments, they are denied, with proof thereof demanded at trial.

## Parties

4.      Admitted.

5.      Admitted.

## Exhaustion of Available Remedies

6.      Denied. After reasonable investigation, Defendant Hicks is without knowledge or information sufficient to form a belief as to the veracity of the averments of this paragraph. The averments are therefore denied, with proof thereof demanded at trial. By way of further response, this paragraph refers to written documents that speak for themselves. Therefore, any characterization thereto is denied.

## Facts

7.      Admitted.

8.      Denied. After reasonable investigation, Defendant Hicks is without knowledge or information sufficient to form a belief as to the veracity of the averments of this paragraph. The averments are therefore denied, with proof thereof

demanded at trial.

9.      Denied as stated. By way of further response and clarification, continued employment compensation during the pandemic was not authorized for administrative transfers.

10.      Denied. After reasonable investigation, Defendant Hicks is without knowledge or information sufficient to form a belief as to the veracity of the averments of this paragraph. The averments are therefore denied, with proof thereof demanded at trial.

11.      Denied. After reasonable investigation, Defendant Hicks is without knowledge or information sufficient to form a belief as to the veracity of the averments of this paragraph. The averments are therefore denied, with proof thereof demanded at trial.

12.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

## **Claims for Relief**
## **Denial of Equal Protection Under the 14th Amendment; Based on a "Class of One" Theory**

13.      No response is required to Plaintiff's interpretations, arguments, legal

conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

14.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

15.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

16.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

17.    No response is required to Plaintiff's interpretations, arguments, legal

conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

18.     No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

19.     No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

20.     No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

21.     No response is required to Plaintiff's interpretations, arguments, legal

conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

22.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

23.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

24.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

25.      No response is required to Plaintiff's interpretations, arguments, legal

conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

26.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

27.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

28.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

29.    No response is required to Plaintiff's interpretations, arguments, legal

conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

## **Equal Protection Claim Based On A "Class of One" Theory**

1.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

2.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

3.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

## <u>Defendant Hicks Eleventh Amendment Claim to Dismiss Plaintiff's Complaint</u>

1.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

2.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

3.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

4.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to

Plaintiff or violated the Constitution.

5.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

6.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

7.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

8.      No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to

Plaintiff or violated the Constitution.

9.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

10.    No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

## Conclusion

No response is required to Plaintiff's interpretations, arguments, legal conclusions, or non-factual statements. To the extent this paragraph is deemed to contain factual averments, they are denied, with proof thereof demanded at trial. It is specifically denied that Defendant Hicks' actions or inactions resulted in harm to Plaintiff or violated the Constitution.

## Relief Requested

The averments of this paragraph reflect a request for relief, to which no response is required. It is specifically denied that Plaintiff is entitled to any of the

relief he seeks, or that Defendant Hicks was responsible for the constitutional violations alleged in this suit.

**WHEREFORE**, Defendant Hicks specifically denies that Plaintiff is entitled to any damages or other relief, or that Defendant Hicks was responsible for the claims of constitutional violations in this suit, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant Hicks acted at all times within the scope of her authority and without any actual or imputed knowledge that her actions violated any of Plaintiff's constitutional rights and, therefore, is immune from suit.

### Second Affirmative Defense

The second amended complaint fails to state a claim or cause of action pursuant to 42 U.S.C. § 1983 ("Section 1983") or state law upon which relief can be granted.

### Third Affirmative Defense

Defendant Hicks asserts each and every defense available to her under the existing Civil Rights Act.

### Fourth Affirmative Defense

The acts or omissions of Defendant Hicks which were alleged to constitute constitutional violations were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

### Fifth Affirmative Defense

Any and all damages or injuries sustained by Plaintiff resulted not from the conduct or acts of Defendant Hicks, but from the conduct or acts of Plaintiff or other persons.

Sixth Affirmative Defense

Defendant Hicks affirmatively pleads any other matter constituting avoidance or affirmative defense.

Seventh Affirmative Defense

Declaratory relief is unavailable merely to have the Court declare that past actions of Defendant Hicks have violated Plaintiff's rights.

Eighth Affirmative Defense

To the extent that Plaintiff has pled a state law claim, such claims are barred by sovereign immunity and are not waived by any of the exceptions thereto.   1 Pa.C.S. §2310; 42 Pa.C.S. §8522.

Ninth Affirmative Defense

To the extent that immunity has been waived with respect to any of Plaintiff's claims, Defendant Hicks asserts all defenses to and limitations upon those claims which are or may hereafter be set forth at 42 Pa.C.S. §§8522 - 8528.

Tenth Affirmative Defense

Defendant Hicks is entitled to official immunity from Plaintiff's claims.

Eleventh Affirmative Defense

At all times relevant hereto, any actions or inactions of Defendant Hicks were done within the scope of his authority in good faith and without malice, and therefore, are entitled to qualified immunity.

## Twelfth Affirmative Defense

Defendant Hicks is entitled to objective good faith immunity from Plaintiff's claims and Defendant Hicks has not violated any rights and/or clearly established rights of Plaintiff.

## Thirteenth Affirmative Defense

Any actions or inactions committed by Defendant Hicks were done pursuant to duties required by statute, regulation, or directive and so Defendant Hicks is immune.

## Fourteenth Affirmative Defense

Defendant Hicks asserts all limitations upon the Plaintiff's claims set forth in the Prison Litigation Reform Act, 42 U.S.C. §1997e, *inter alia*.

## Fifteenth Affirmative Defense

Defendant Hicks asserts each and every additional defense available to her under the Prison Litigation Reform Act including that the Plaintiff is not entitled to damages for mental or emotional injury without a prior showing of physical injury under Section 1997e(e) of the Act.  42 U.S.C. §1997e(e).

## Sixteenth Affirmative Defense

Plaintiff's Complaint should be dismissed because he failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e, *inter alia.*

Seventeenth Affirmative Defense

Plaintiff's claims alleging both federal and state law claims are barred by the statute of limitations.

Eighteenth Affirmative Defense

Defendant Hicks reserves the right to supplement these affirmative defenses.

Respectfully submitted,

Office of General Counsel

*Tara J. Wikhian*

Tara J. Wikhian, Assistant Counsel
Attorney ID No.: 311116
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: tawikhian@pa.gov

Date: May 28, 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT FRANKLIN, | : | |
| | : | Civil Action No. 23-1091 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Answer* was

forwarded to the following person(s):

Smart Communications/PA DOC
Vincent Franklin, GG6242
SCI-Huntingdon
PO Box 33028
St. Petersburg, FL 33733

*Tara J. Wikhian*
_____
Tara J. Wikhian, Assistant Counsel
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA  17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307

Date: May 28, 2024